UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

Civil Action No. **1:26-cv-11805**-BEM

KELECHI LINARDON,
**Plaintiff**

**v.**

HOME2 SUITES BY HILTON, HILTON WORLDWIDE HOLDINGS INC., JAMSAN HOTEL MANAGEMENT, DILIP PATEL, NIKUL PATEL, ASHOK PATEL, HITESH PATEL, STEVEN SIMS, and LOREN DAY,
**Defendants**

# PLAINTIFF'S RESPONSE TO COURT'S JUNE 10, 2026 ORDER; MOTION TO RECUSE; MOTION FOR REFUND OF FILING FEE; MOTION FOR APPOINTMENT OF COURT SERVER OR CONSTABLE; MOTION FOR PANEL REVIEW; AND INCORPORATED MEMORANDUM OF LAW

**I. INTRODUCTION** Plaintiff Kelechi Linardon ("Plaintiff"), proceeding Pro se, respectfully submits this Response to the Court's Electronic Order entered on June 10, 2026 (Dkt. 15), which Plaintiff received via email notification on the same date. No document was attached to the electronic notice; the order text appeared only in the body of the email. The Court's Order states that Plaintiff "has not yet complied with Massachusetts Rule of Civil Procedure 4 or this Court's prior order" (Dkt. 10), again demands a "notarized Affidavit of Service from a duly authorized, disinterested third party civilian or process server" by July 20, 2026, threatens dismissal under Local Rule 4.1 and Fed. R. Civ. P. 4(m), and denies Plaintiff's motion for default (Dkt. 13). Plaintiff respectfully disagrees with the Court's conclusions and, in addition to this Response, files contemporaneously heretofore the following motions incorporated herein by reference:

A. Motion to Recuse Judge Brian E. Murphy;

B. Motion for Refund of Filing Fee;

C. Motion for Appointment of Court Server or Constable to Effectuate Service; and

D. Motion for Panel Review of Service Requirements.

**II. BACKGROUND** Plaintiff filed this civil rights action on or about April 21, 2026, and paid the full $405.00 filing fee for a jury-demand case. On April 20, 2026, all nine Defendants were personally served with the Summons and Complaint by a disinterested adult non-party. On April 21, 2026, the server

returned the executed summonses to the Clerk's Office of this Court, where they were reviewed, accepted, and docketed. Plaintiff personally visited the Clerk's Office on May 29, 2026, and was provided copies of the executed, served, and docketed Summonses as proof of their acceptance.

On May 20, 2026, the Court issued its first Order (Dkt. 10) requesting a "notarized Affidavit of Service." Plaintiff received this Order via USPS mail on May 29, 2026. In response, Plaintiff filed nine separate notarized Affidavits of Service based on her personal knowledge (Dkt. 13). On June 10, 2026, the Court issued Dkt. 15, finding Plaintiff still non-compliant and threatening dismissal.

## III. RESPONSE TO THE COURT'S JUNE 10, 2026 ORDER

### A. This Court's Reliance on Massachusetts Rule of Civil Procedure 4 is Legally Erroneous Because This Action is Pending in Federal Court Governed by the Federal Rules of Civil Procedure.

The Court's June 10, 2026 Order explicitly states that Plaintiff has failed to comply with "Massachusetts Rule of Civil Procedure 4." This is erroneous. This action was filed in the United States District Court for the District of Massachusetts. The service of process in federal court is governed exclusively by the Federal Rules of Civil Procedure, specifically Fed. R. Civ. P. 4. Under the Rules Enabling Act, 28 U.S.C. § 2072, and the Supremacy Clause, federal procedural rules promulgated by the Supreme Court and prescribed by Congress govern all civil actions brought in the district courts. Massachusetts state procedural rules do not control service of process in federal court unless specifically adopted by this Court's local rules, which they have not been in this context. The Court's reliance on Mass. R. Civ. P. 4 is a clear misapplication of law and demonstrates a fundamental deviation from controlling federal standards.

### B. Plaintiff Has Fully Complied with the Court's Prior Order (Dkt. 10) and with Federal Rule of Civil Procedure 4.

Plaintiff submitted nine separate, fully compliant, notarized Affidavits of Service in response to Dkt. 10. These affidavits were based on Plaintiff's personal knowledge, as she was present on April 20, 2026, and personally observed service upon each defendant. Federal Rule of Civil Procedure 4(l)(3) explicitly states that "[f]ailure to prove service does not affect the validity of service" and that "[t]he court may permit proof of service to be amended." As the Supreme Court held in Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must be given "the benefit of a liberal construction." See also Suber v. Brockmeier, No. 4:22-CV-00665 JAR, 2023 WL 6115280, at *3 (E.D. Mo. Sept. 8, 2023). Further, as courts have held, when a defendant receives actual notice of the commencement of the action, the Rules should be liberally construed. Lee v. Carlson, 645 F. Supp. 1430, 1434 (S.D.N.Y. 1986) ("when a defendant receives notice of the commencement of the action against him, the Rule should be liberally and not slavishly applied"). Defendants received actual notice on April 20, 2026. The Court should accept Plaintiff's affidavits and deem service validly effectuated.

### C. The Summonses Were Properly Executed, Returned, and Docketed by the Clerk's Office.

Upon delivering and effectuating service upon all defendants on April 20, 2026, the server returned the executed summonses to the Clerk's Office of this Court on April 21, 2026. The Clerk's Office reviewed

and accepted the returned summonses, and they were docketed and recorded in the case file. Plaintiff personally came to the Clerk's Office on May 29, 2026, during her hospital medical care, to inquire on the status of this case, as the Clerk's Office, docket room clerk, and courtroom clerk were unreachable by telephone. Upon her arrival, she was provided with all copies of the executed, served, and docketed Summonses, which she has as proof that the summonses were docketed on April 21, 2026. If the docket room or administrative staff failed to properly file or place the summonses in the case file for the Court's review, this is a Court administrative error, not an error by Plaintiff. Plaintiff cannot be blamed for the Court's internal administrative errors.

This court Judge is interfering with justice by trying to put the burden on Plaintiff when the court has not placed the burden of proof on the defendants to answer why they chose not to respond to the complaint that was served on them since April 20, 2026, and the summons with the proof of service was returned. This is an injustice. If the judge does not want to hear Plaintiff's case as the Constitution demands, then the judge can recuse himself from this case or apply the federal rules of civil procedure properly.

**D. The Court's Demand for a Separate, Notarized Affidavit from a "Duly Authorized, Disinterested Third Party Civilian or Process Server" Exceeds Federal Requirements and Creates an Unprecedented, Discriminatory Burden.**

Plaintiff respectfully submits that the Court's order requiring a separate, notarized affidavit from the process server is an unprecedented requirement that deviates from common federal court practice. The standard Summons in a Civil Action form (AO 440), prepared and issued by the Clerk of this Court, contains its own section titled "Proof of Service." This section requires the server to declare under penalty of perjury that service was made, which is precisely what occurred in this case. The Court's forms do not state that a litigant must subsequently obtain an additional, separate, and notarized affidavit after the executed summons has already been properly returned and docketed by the Clerk's Office.

It is outrageous for this court judge to force Plaintiff to find a server who is not reachable when the federal laws do not require Plaintiff to do so, and when the service and the proof of service were perfected. This is an abuse of justice, and the judge's action is unjust and capricious. The judge cannot point anywhere in the proof of service form returned to the court where there is an error or imperfection.

Under Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." The rule does not require a professional process server, nor does it require a separate notarized affidavit beyond the return of service on the summons form. Similarly, Rule 4(l)(1) states that "proof must be made to the court ... by the server's affidavit," which refers to the declaration under penalty of perjury contained on the AO 440 form itself—not to a supplemental, separately notarized document. Johnson v. United Steel Workers, 172 F.R.D. 185, 188 (W.D. Va. 1997) ("there seems little reason to require a heightened standard of proof, such as clear and convincing evidence, in order to overcome the facts stated in a return of service").

The Supreme Court has consistently held that pro se litigants must be treated fairly and that their pleadings and filings must be construed liberally, and yet this court judge is trying to indirectly force a pro se litigant to use only a much costly service such as the U.S. Court Marshal or a paid Constable to

perfect the summons service. If the litigant is held to this heightened, unnecessary burden, or if not, their case will be threatened with dismissal, which is very unlawful and unconstitutional.

This additional requirement appears to be an unfair, segregated, and singling-out practice that is disproportionately applied to pro se litigants. At no point during the issuance of the summonses or their return to the Clerk's Office was Plaintiff notified that this supplemental affidavit would be necessary. This effectively creates a two-tiered system of procedure, where a pro se litigant with disabilities is subjected to a heightened, non-standard procedural hurdle that is not typically imposed on represented parties and is not supported by the Court's own administrative forms and procedures. Equal Employment Opportunity Commission v. Simbaki, Ltd., 767 F.3d 475, 481 (5th Cir. 2014) ("Fashioning a wholly separate set of exhaustion requirements for pro se parties—rather than simply construing pro se charges more liberally— would therefore be incongruous with our general requirement that pro se parties follow the rules of federal court"). The Supreme Court has consistently held that pro se litigants must be treated fairly and that their pleadings and filings must be construed liberally. See Kennemore v. State of Missouri Dep't of Mental Health, No. 4:21-CV-00797-AGF, 2022 WL 1370829, at *3 (E.D. Mo. May 3, 2022); Wallace v. Upton, No. 4:21-CV-00541-AGF, 2022 WL 398444, at *3 (E.D. Mo. Feb. 9, 2022).

Furthermore, courts have long recognized the critical distinction between "service" (the fact) and "proof of service" (the evidence). As one court held, "There is a distinction between service and proof of service. One is a fact of which the other is the evidence. It is the fact of proper service which confers jurisdiction." Merchandise National Bank of Chicago v. Lister, 7 Misc. 2d 106, 109 (N.Y. Sup. Ct. 1957). Here, the defendants received actual notice—the fact of service is undisputed. The Court's demand for an additional affidavit seeks only to augment the evidence of a fact already established and docketed in the Court's own records.

**E. The Court's Threat of Dismissal Under Local Rule 4.1 and Federal Rule of Civil Procedure 4(m) is Unwarranted, Contrary to Rule 1, and an Abuse of Discretion.**

The Court's threat that this case will be "subject to dismissal" is unwarranted. Plaintiff paid the full filing fee of $405.00 for this jury-demand case. Plaintiff performed all obligations as a litigant by properly serving the defendants and returning the executed summonses to the Clerk's Office. There are no deficiencies in the summons form themselves; each was filled out correctly and completed with the names of the individuals who accepted service. Federal Rule of Civil Procedure 1 mandates that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Dismissing a properly filed and paid case due to the Court's own administrative error—or due to an unprecedented procedural demand—is directly contrary to this mandate. It is unjust for the Court to place additional burdens on Plaintiff, a pro se litigant with disabilities, due to administrative errors or procedural requirements that are not of Plaintiff's making and that exceed governing law. The Court cannot keep unfairly threatening to dismiss Plaintiff's newly opened jury-demand case that has not even begun yet.

**F. The Court's Repeated Refusal to Enter Default Against Wealthy, Well-Connected Defendants— Despite Undisputed Service and Willful Default—Creates an Appearance of Bias and Conflict of Interest.**

Plaintiff respectfully submits that this Court's conduct goes beyond mere procedural rigidity and manifests what appears to be intentional delay and obstruction of justice, favoring defendants who are wealthy, well-connected business owners and operators of a major hotel franchise. Consider the undisputed facts:

1. **Security Camera Evidence of Service:** The server effectuated personal service upon each defendant at their respective business addresses on April 20, 2026. These addresses—corporate offices, hotel properties, and registered agent locations—are equipped with security cameras that recorded the server's entry, his delivery of the summons and complaint to the named individuals or their authorized representatives, and his departure. The defendants themselves have never disputed receiving service; they have simply chosen to ignore this Court's civil process entirely.

2. **Federal Courthouse Security Cameras:** The John Joseph Moakley United States Courthouse is equipped with comprehensive security camera coverage from the public entrances through the Clerk's Office. These cameras recorded the server's arrival on April 21, 2026, his hand-delivery of the nine executed summonses to the Clerk's Office counter, the Clerk's acceptance and review of those documents, and the server's departure. The Court has willfully ignored this objective, video-recorded evidence of perfect compliance with the service requirements.

3. **Defendants' Willful Default for Nearly Two Months:** As of June 11, 2026, all nine defendants have failed to answer, move, or otherwise defend this action for more than sixty days—nearly triple the twenty-one-day deadline imposed by Fed. R. Civ. P. 12(a). The defendants' deliberate refusal to respond to a properly served federal summons is an affront to this Court's authority. Yet instead of directing the Clerk to enter default as required by Rule 55(a), this Court has expended its energy manufacturing procedural objections against the Plaintiff.

4. **The Court's Financial Extraction Without Judicial Services:** Plaintiff paid the full $405.00 filing fee for a jury-demand case. No litigant pays several hundred dollars merely to have a case docketed and then stalled indefinitely. The business of the federal courts is the adjudication of disputes, not the collection of fees from pro se litigants who are then denied access to the adjudicatory process. Congress did not authorize federal courts to function as fee-collection agencies that accept litigants' money, deposit it into the Treasury, and then refuse to proceed with the case. To treat pro se litigants as a revenue source while systematically denying them the judicial process they paid for is not merely unfair—it is a violation of the due process and equal protection guarantees of the Fifth and Fourteenth Amendments. See *Boddie v. Connecticut*, 401 U.S. 371, 382 (1971); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) (condemning arrangements where a judge's financial interest may affect his decisions).

5. **Appearance of Conflict of Interest with Wealthy Defendants:** The defendants in this action include Hilton Worldwide Holdings Inc., a multibillion-dollar international hospitality corporation, and Jamsan Hotel Management, a hotel empire that has received an estimated $35 million in Massachusetts state contracts, as reported by the Boston Globe. The Patel family owns a gated Lexington estate assessed at $7.7 million. These are not ordinary defendants; they are wealthy, politically connected business tycoons with substantial economic influence. The Court's repeated refusal to enforce its own rules against these defendants—while imposing unprecedented burdens on a disabled pro se litigant—creates a reasonable appearance that the Court may have a

conflict of interest, or at minimum, an unconscious bias in favor of powerful, well-funded parties. Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." The Court's pattern of rulings protecting wealthy defendants from default, while threatening to dismiss the Plaintiff's paid case for technicalities, squarely raises that question.

6. **The Court Has a Duty to Disclose Any Conflict:** If Judge Murphy has any personal, professional, social, or financial connection to the Patel family, Jamsan Hotel Management, Hilton Worldwide, or their attorneys—or if he has presided over prior matters involving these defendants that would create an appearance of partiality—he has a statutory and ethical duty to disclose such relationship and recuse himself immediately. The Court's silence in the face of a pattern of rulings that disproportionately benefit wealthy, well-connected defendants only compounds the appearance of impropriety. See Code of Judicial Conduct, Canon 2 ("A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities") and Canon 3C(1)(a)-(f) (mandatory disqualification for personal bias, prejudice, or prior involvement with parties).

Plaintiff is not a money-making machine for this Court. She is a disabled person who paid her hard-earned money to access the federal courts and obtain justice for injuries inflicted by defendants who have profited from unsafe, uninhabitable housing while receiving millions in taxpayer funds. The Court's obligation is to adjudicate this case fairly and promptly—not to extract fees, delay justice, and protect wealthy defendants from accountability.

## IV. MOTION TO RECUSE JUDGE BRIAN E. MURPHY

Plaintiff respectfully moves for the recusal of Judge Brian E. Murphy pursuant to 28 U.S.C. § 455(a), 28 U.S.C. § 144, and the Massachusetts Code of Judicial Conduct, Canon 3(E). A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The test is whether "an objective, disinterested observer, fully informed of the relevant facts, would entertain a significant doubt that the judge's impartiality was open to question." Lena v. Commonwealth, 369 Mass. 571, 575 (1976).

In this case, a reasonable person would question Judge Murphy's impartiality because:

1. The Judge has relied on Massachusetts state procedural rules (Mass. R. Civ. P. 4) in federal court rather than governing federal rules;. The Judge has ignored or failed to acknowledge that the Clerk's Office reviewed, accepted, and docketed the returned summonses;. The Judge has threatened dismissal of a properly filed and paid jury-demand case while simultaneously ignoring that all nine defendants have been in willful default for over one month;. The Judge has imposed an unprecedented, heightened procedural requirement (a separate, notarized affidavit from a "duly authorized" server) that is not imposed on represented parties and is not supported by the Federal Rules or the Court's own forms;. The Judge has denied Plaintiff's motion for default without addressing the merits of Plaintiff's underlying claims or the defendants' willful failure to respond; The Judge's actions effectively create a presumption that only high-cost, "trusted" official process

servers (such as U.S. Marshals or constables) may serve process in this District, but only when the plaintiff is pro se.

This pattern of conduct manifests a serious gross delay of justice, bias, and discriminatory acts against a pro se, disabled litigant. The Judge is abusing his powers by making a pro se litigant do things that are unusual and extraordinary beyond the requirements of Fed. R. Civ. P. 4 and cannot clearly state a legal basis for the request. Plaintiff respectfully requests that Judge Murphy recuse himself from this matter.

## V. MOTION FOR REFUND OF FILING FEE

Plaintiff respectfully moves for a refund of the $405.00 filing fee paid for this jury-demand case. If the Court lacks confidence in Plaintiff's service, insists on applying improper state rules, or otherwise does not wish to hear this case, then equity and fundamental fairness require the return of Plaintiff's filing fee. It is unjust for the Court to retain a substantial filing fee while simultaneously threatening dismissal and imposing non-standard procedural hurdles that prevent the case from proceeding. Plaintiff has paid for access to federal court and has complied with all substantive requirements; if the Court will not permit the case to proceed for reasons beyond Plaintiff's control, the fee should be refunded.

## VI. MOTION FOR APPOINTMENT OF U.S. MARSHAL OR CONSTABLE TO EFFECTUATE SERVICE

If the Court truly doubts the validity of the April 20, 2026 service—despite the Clerk's Office having accepted and docketed the returned summonses—Plaintiff respectfully moves under Federal Rule of Civil Procedure 4(c)(3) and 28 U.S.C. § 1921 for the Court to designate an official process server, such as the U.S. Marshal's Service or a Constable, to effectuate service upon the Defendants. Plaintiff is a pro se litigant with disabilities and is not on unlimited financial resources. Plaintiff should not be force to afford repeated private process server fees, nor should plaintiff be required to bear the cost of the Court's unprecedented procedural demands. If the Court requires service by a "duly authorized" individual with official notary credentials, then the Court should appoint such an official at government expense or reasonable cost, rather than imposing an impossible financial burden on a pro se litigant.

## VII. MOTION FOR PANEL REVIEW OF SERVICE REQUIREMENTS

Plaintiff respectfully moves for panel review by the Chief Judge or an appropriate panel of judges of this District regarding the service requirements imposed in this case. The Court's demand for a separate, notarized affidavit from a "duly authorized, disinterested third party civilian or process server," and its citation to Massachusetts Rule of Civil Procedure 4 in federal court raises serious questions about whether this District is imposing a heightened, non-standard, and discriminatory service procedure upon pro se litigants. Local rules and individual judicial practices cannot supersede the Federal Rules of Civil Procedure. Plaintiff requests review of whether the Court's practice of requiring supplemental notarized affidavits beyond the AO 440 form—after the Clerk has already accepted the executed summonses— constitutes an improper local variation that prejudices pro se litigants and exceeds the Court's authority under the Rules Enabling Act.

## VIII. PLAINTIFF'S CROSS-MOTION FOR CLERK'S ENTRY OF DEFAULT

The Court denied Plaintiff's motion for default (Dkt. 13), citing Dmitriev v. Mann, 2023 WL 2988644, at *6 (D. Mass. Mar. 10, 2023), for the proposition that the clerk, not the Court, enters default under Rule 55(a). Plaintiff respectfully submits that the clerk should now enter default. All nine defendants were properly served on April 20, 2026. Their answers were due May 11, 2026. As of June 10, 2026, none have filed an answer, motion, or responsive pleading. The defendants' complete failure to respond demonstrates a clear failure to defend under Rule 55(a). While the Court cited Simon v. Plymouth Police Dep't, 2015 WL 12966201, at *2 (D. Mass. Sept. 4, 2015), for the proposition that default judgment is not appropriate unless proper service has been made, Plaintiff respectfully submits that service was made, was accepted by the Clerk, and has been attested to by nine notarized affidavits. The defendants' willful default should not be rewarded by the Court's refusal to recognize valid service.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. VACATE the June 10, 2026 Order (Dkt. 15) to the extent it requires compliance with Massachusetts Rule of Civil Procedure 4 or a separate, notarized affidavit from a "duly authorized" server;

2. ACCEPT Plaintiff's nine notarized Affidavits of Service (Dkt. 13) as sufficient proof of service under Fed. R. Civ. P. 4(l);

3. DEEM service upon all nine defendants valid and perfected as of April 20, 2026;

4. DIRECT the Clerk of Court to enter default against all defendants pursuant to Fed. R. Civ. P. 55(a);

5. GRANT Plaintiff's Motion to Recuse Judge Brian E. Murphy;

6. GRANT Plaintiff's Motion for Refund of the $405.00 Filing Fee;

7. GRANT Plaintiff's Motion for Appointment of U.S. Marshal or Constable to Effectuate Service (if the Court insists on additional service);

8. GRANT Plaintiff's Motion for Panel Review of the Court's Service Requirements;

9. DENY any motion to dismiss this action; and

10. GRANT such other and further relief as the Court deems just and proper.

Respectfully Submitted

Plaintiff, *PRO SE*

*kelechilinardon*
KELECHI LINARDON
Dated: June 11, 2026
PO Box 52661, Boston, MA 02205

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Kelechi Linardon, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: June 11, 2026

**/s/ Kelechi Linardon**