**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **KELECHI LINARDON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **Civil Action No.** |
| **v.** | **)** | **26-11805-BEM** |
| | **)** | |
| **HOME2 SUITES BY HILTON, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |
| | **)** | |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

The Court construes Plaintiff's motions, which ask this Court to "vacate" its prior orders, *see generally* Dkts. 20–22, as motions for reconsideration. "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Cruz-Cedeño v. Vega-Moral*, 150 F.4th 1, 9 (1st Cir. 2025) (quoting *City of Mia. Firefighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022)). When faced with such motions, a court "must balance the need for finality against the duty to render just decisions." *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000). To accommodate these competing interests, motions for reconsideration should be granted only upon a showing of (1) a "manifest error of law," (2) "newly discovered evidence," or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81–82 (1st Cir. 2008). "Motions for reconsideration do[] not provide a vehicle for a party to undo its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Cruz-Cedeño*, 150 F.4th at 9 (internal quotation

marks omitted) (quoting *Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 208 (1st Cir. 2015)).

Here, Plaintiff's first two motions largely seek to relitigate the facts and dispute the Court's conclusions, *see generally* Dkts. 20–21, and are therefore DENIED.  *See Mazza v. City of Bos.*, 780 F. Supp. 3d 325, 330 (D. Mass. 2025) ("Regurgitation of previously rejected arguments offers no basis for reconsideration." (first citing *Ofori v. Ruby Tuesday, Inc.*, 205 F. App'x 851, 852–53 (1st Cir. 2006); then citing *Iverson v. City of Bos.*, 452 F.3d 94, 104 (1st Cir. 2006))).  To the extent Plaintiff argues that the Court misapplied the law by citing to the Massachusetts Rule of Civil Procedure rather than to the Federal Rule of Civil Procedure, under Federal Rule of Civil Procedure 4, a plaintiff must either follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or accomplish any of three other options, which are "substantially similar" to the Massachusetts rules for service, *Mukherjee v. Blake*, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013).  As such, this is not a basis for reconsideration.[1]

Additionally, to the extent Plaintiff's motions ask the Court to recuse itself, *see, e.g.*, Dkt. 20 at 5–7, that request is also DENIED.  Plaintiff primarily points to the Court's prior orders, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Medoff*, 766 F. Supp. 3d 153, 187 (D. Mass. 2025) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Liteky*, 510 U.S. at 555 (explaining that "judicial rulings . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . .

---

[1] The Court notes that the procedural requirements underpinning service are not mere technicalities.  Without proper service, the Court lacks jurisdiction over the action entirely.  *See, e.g.*, *Mouradian v. Biden*, 2022 WL 1746781, at *3 (D. Mass. May 31, 2022) (holding that where plaintiff "failed to satisfy the requirements for service of process . . . the Court lack[ed] jurisdiction"); *see also United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) ("[S]ervice of process constitutes the vehicle by which the court obtains jurisdiction.").

when no extrajudicial source is involved" and noting that "[a]lmost invariably, they are proper grounds for appeal, not for recusal")); *see also United States v. Dudley*, 100 F.4th 74, 84 (1st Cir. 2024) ("[L]itigants are not entitled to have a judge disqualify himself merely because they fear an adverse decision." (alteration in original) (quoting *United States v. Cowden*, 545 F.2d 257, 265 (1st Cir. 1976))).

Plaintiff's third motion seeks entry of default against all Defendants based on "newly discovered evidence," specifically the fact that Defendant "Ronit Hospitality LLC c/o Jamsan Hotel Management, Inc." has actual notice of the current lawsuit because Defendant referenced this Court's orders in its state court filings. Dkt. 22 at 1–2. But Plaintiff misunderstands the purpose of service of process. The requirement of service of process is not a mere "procedural technicalit[y]," Dkt. 22 at 2, designed only to provide a defendant with actual notice of a lawsuit. It is also "the vehicle by which the court obtains jurisdiction" over a defendant. *United Elec., Radio & Mach. Workers of America v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992); *see also Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014) ("The existence of [personal] jurisdiction normally depends on legally sufficient service of process." (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))). "[B]efore a default can be entered, the [C]ourt must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." *Forward Fin. LLC v. Moss Supermarket LLC*, 303 F. Supp. 3d 209, 210 (D. Mass. 2018) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 (4th ed. 2008)) (denying motion for default judgment); *see also Awadh v. Tourneau, Inc.*, 2017 WL 1246326, at *4 (D. Mass. Feb. 17, 2017) (denying motion for default judgment because defendant was not properly served). As such, this motion is also DENIED.

3

**So Ordered.**

/s/ Brian E. Murphy
Brian E. Murphy
Dated: June 23, 2026                                 Judge, United States District Court